### The PARKER PEN COMPANY, Plaintiff,

#### v.

**Frank J. KUHL, former Collector of Internal Revenue; George Reisimer, former acting Collector of Internal Revenue; and Oscar M. Jonas, Collector of Internal Revenue, Defendants.**

Civ. A. No. 5326.

United States District Court
E. D. Wisconsin.

July 28, 1955.

James J. Costello, Jr., Chicago, Ill., Paul M. Barnes, Milwaukee, Wis., for plaintiff.

Howard W. Hilgendorf, Assistant U. S. Atty., Milwaukee, Wis., for defendants.

TEHAN, Chief Judge.

Plaintiff taxpayer seeks to recover corporate income, declared value excess profits and excess profits taxes paid for the fiscal years ending in 1943 and 1944.

During the fiscal years involved, the plaintiff maintained for its employees a profit sharing plan and a pension plan. Each of the plans included a trust which was exempt from taxation under Section 165(a) of the Internal Revenue Code, 26 U.S.C.A. § 165(a), so that contributions by the plaintiff to each trust were deductible for federal tax purposes to the extent permitted by Section 23(p) (1) of the Internal Revenue Code, 26 U.S.C.A. § 23(p) (1). All participants under each of the plans and trusts were participants under both plans and trusts.

Section 23(p) (1) of the Internal Revenue Code which authorizes deductions for contributions to employees' trusts also fixes the maximum amounts deductible thereunder. Subparagraph

(A) of Section 23(p) (1) limits deductions as to pension trusts to the amount necessary to pay the actuarial cost of the plan. Subparagraph (C) of Section 23 (p) (1) limits deductions as to profit-sharing trusts to 15 per centum of the compensation otherwise paid or accrued to participants during the taxable year. Both subparagraphs (A) and (C) also provide limitations with respect to excess contributions carried over to a succeeding year. In addition, subparagraph (F) provides that where an employer contributes to both a pension plan and a profit-sharing plan which have common beneficiaries, "the total amount deductible in a taxable year under such trusts and plans shall not exceed 25 per centum of the compensation otherwise paid or accrued during the taxable year to the persons who are the beneficiaries of the trusts or plans." Subparagraph (F) also contains the following carry-over provision for subsequent years:

"In addition, any amount paid into such trust or under such annuity plans in a taxable year beginning after December 31, 1941, in excess of the amount allowable with respect to such year under the preceding provisions of this subparagraph shall be deductible in the succeeding taxable years in order of time, but the amount so deductible under this sentence in any one such succeeding taxable year together with the amount allowable under the first sentence of this subparagraph shall not exceed 30 per centum of the compensation otherwise paid or accrued during such taxable years to the beneficiaries under the trusts or plans. This subparagraph shall not have the effect of reducing the amount otherwise deductible under subparagraphs (A), (B), and (C),

if no employee is a beneficiary under more than one trust, or a trust and an annuity plan."

The question here presented is whether the amount deductible for contributions to the two trusts maintained by the taxpayer is subject only to the 25% limitation (or the 30% limitation with respect to excess contributions carried over to a succeeding year) of subparagraph (F), as contended by the taxpayer, with the individual limitations of subparagraph (A) and (C) to be disregarded; or whether the amount deductible as to each trust is subject first to the individual limitations of subparagraphs (A) and (C) respectively (including the carry-over limitations of subparagraphs (A) and (C) where any excess contribution is carried over to a succeeding year), with deductions otherwise allowable under those provisions subject in the aggregate to the further 25% limitation (or the further 30% limitation with respect to excess contributions carried over to a succeeding year) of subparagraph (F).

After carefully considering the briefs and contentions of the parties, the Court is of the opinion that where two or more trusts are maintained, the initial and carry-over percentage limitations of Subparagraph (F) must be construed as further limitations upon deductions, applicable only after the initial and carry-over percentage and actuarial tests of subparagraphs (A) and (C) have been satisfied with respect to each trust. If the position of the plaintiff were to be adopted, the limitations provided by subparagraph (C) in particular would be robbed of any vitality. The Court believes that its construction gives meaning and purpose to all of the limitations provided by Congress in the various subsections of the statute.